IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIAM T. TAGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-02823-TLP-tmp |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A. as Trustee for Banc of America Funding Corporation, mortgage pass-through certificates, Series 2007-E, BANK OF AMERICA FUNDING CORPORATION, RUBIN LUBLIN, PLLC, and PRLAP, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART BANC OF AMERICA AND PRLAP'S MOTION TO DISMISS, GRANTING IN PART AND DENYING IN PART WELLS FARGO'S MOTION TO DISMISS, AND REMANDING STATE LAW CLAIMS**

Plaintiff William T. Tagg sued in state court in part to determine the ownership of the mortgage on his property. (ECF No. 1-2 at PageID 242.) Defendant Wells Fargo Bank, N.A. as Trustee for Banc of America Funding Corporation, mortgage pass-through certificates, Series 2007-E ("Wells Fargo")—one of several Defendants here—removed the case to federal court. (*See* ECF No. 1.)

Defendants PRLAP, Inc. ("PRLAP") and Banc of America Funding Corporation ("Banc of America") now move to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6). (ECF No. 6.) Plaintiff has responded. (ECF No. 27.) And Defendants have not replied.

Wells Fargo moves separately to dismiss Plaintiff's claims against it. (ECF No. 11.) Plaintiff has responded. (ECF No. 28.) And Wells Fargo has replied. (ECF No. 31.)

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** PRLAP and Banc of America's motion to dismiss. Similarly, the Court **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's motion to dismiss.

Because it declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Banc of America and Wells Fargo, the Court **REMANDS** this case back to state court to address those remaining claims.

## **BACKGROUND**

Plaintiff sued Defendants in state court "to enjoin the foreclosure on his residence . . . , and to determine the ownership of the loan and clarify the rights of the parties to collect mortgage payments from [Plaintiff] and/or to exercise the Power of Sale clause in the Deed of Trust executed by [Plaintiff] in 2007."[1] (ECF No. 1-2 PageID 242.)

Plaintiff's claims against PRLAP and Banc of America are straightforward. First, Plaintiff sued them under Tennessee's declaratory judgment act, T.C.A. §§ 29-14-101 et seq., to determine whether they have an interest in the mortgage on his property. (ECF No. 1-2 at PageID 248.) And second, he seems to sue Banc of America under Regulation Z of the Truth in Lending Act ("TILA"), 12 C.F.R. § 226.1 et seq., claiming that Banc of America failed to give him proper notice prior to the foreclosure of his property.[2] (*Id.* at PageID 249.)

---

[1] Throughout this order, the Court refers to Plaintiff's amended complaint, which he filed in state court November 8, 2019—some 14 months after he filed his initial complaint. (*See* ECF No. 1-2 at PageID 9–10.)

[2] In Plaintiff's amended complaint it is not clear that Plaintiff sued Banc of America under Regulation Z of the TILA. In the section entitled "Causes of Action," Plaintiff appears to only bring a claim under Regulation Z of the TILA against Wells Fargo. (*See* ECF No. 1-2 at PageID

2

In contrast, Plaintiff's claims against Wells Fargo are not as straightforward.

To start with the simple ones, Plaintiff sues Wells Fargo for declaratory judgment under Tennessee's declaratory judgment act. (ECF No. 1-2 at PageID 248.) And he sues Wells Fargo under Regulation Z of the TILA. (*Id.* at PageID 249.)

But then, in Wells Fargo's motion to dismiss, Wells Fargo construes Plaintiff's claim against Rubin Lublin, PLLC ("Rublin Lublin") under Tenn. Code Ann. § 35-5-101(e) as being brought against it as well. (*See* ECF No. 12 at PageID 343) ("Plaintiff also alleges that he did not receive actual written notice of the foreclosure sale in accordance with Tenn. Code Ann. § 35-5-101(e).").

The Court finds Wells Fargo's interpretation of this claim confounding. Nowhere in Plaintiff's complaint does he claim that Wells Fargo violated Tenn. Code Ann. § 35-5-101(e). The only party against which Plaintiff brought this claim appears to be Rubin Lublin, which the state court dismissed before the removal here. (*See* ECF No. 1-2 at PageID 248–49; *id.* at PageID 206–07.) And the plain language of Plaintiff's complaint confines his claims against Wells Fargo to those brought under Tennessee's declaratory judgment act and Regulation Z of the TILA. Yet, in its response to the motion to dismiss, Plaintiff seems to agree with Wells Fargo's interpretation. (ECF No. 28 at PageID 441-42).

---

248.) But then, in the section reserved for the relief Plaintiff seeks, Plaintiff requests "[t]hat the Court enter judgment against Defendant Bank of America, N.A. . . . for damages for violation of" the TILA. (*Id.* at PageID 249.) As the Court explains below, Defendant Bank of America, N.A. is not a party in this lawsuit—Plaintiff concedes as much in his response to PRLAP and Banc of America's motion to dismiss. (*See* ECF No. 27 at PageID 426.) That said, the Court will give Plaintiff the benefit of the doubt and construe this claim as brought against <u>Banc</u> of America, not <u>Bank</u> of America.

All the same, because the Court is remanding Plaintiff's state law claims back to state court for further proceedings, the Court declines to decide whether Plaintiff sued Wells Fargo under Tenn. Code Ann. § 35-5-101(e). Instead, the Court will leave this issue to the state court to decide Plaintiff's alleged claim against Wells Fargo under Tenn. Code Ann. § 35-5-101(e).

After a year's worth of state court proceedings,[3] Wells Fargo removed the case to federal court, noting that this Court has federal question jurisdiction over it. (ECF No. 1 at PageID 2.) PRLAP and Banc of America consented to the removal. (*Id.* at PageID 4.)

PRLAP and Banc of America now move to dismiss Plaintiff's claims against them. (ECF No. 6.) Wells Fargo moves separately to dismiss Plaintiff's claims against it. (ECF No. 11.) Plaintiff responded to both motions to dismiss. (ECF Nos. 27 and 28.) And Wells Fargo replied.[4] (ECF No. 31.)

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** PRLAP and Banc of America's motion to dismiss. The Court similarly **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's motion to dismiss.

Because it declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Banc of America and Wells Fargo, the Court will **REMAND** this case back to state court to decide those claims.

---

[3] The Court notes that, during these proceedings, the state court dismissed Rubin Lublin as a party. (*See* ECF No. 1-2 at PageID 206–07.)

[4] Around one month after the filing of a motion to dismiss, Plaintiff moved for a temporary restraining order ("TRO") against Defendants. (ECF No. 15.) The reason for the TRO motion was straightforward. Plaintiff was days away from having his property foreclosed. So he requested that the Court halt the sale of his property and declare that Defendants have no right to foreclose on his property. The Court ultimately denied Plaintiff's TRO motion. (ECF No. 19.)

4

## **LEGAL STANDARD**

The Court begins its analysis by addressing the rules governing motions to dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether Plaintiff's allegations state a claim for relief. Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

That said, a court may reject legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). The Sixth Circuit has noted "[a] complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

The Court should also consider the allegations in Plaintiff's complaint under Federal Rule of Civil Procedure 8. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).

To survive a motion to dismiss, Plaintiff must allege facts that are enough "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, at 555, 570. "A claim has facial plausibility when the plaintiff pleads

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, at 678.

## **ANALYSIS**

I. **PRLAP and Banc of America's Motion to Dismiss**

PRLAP and Banc of America argue that the Court should dismiss Plaintiff's claims against them for three reasons. (*See* ECF No. 7.)

First, PRLAP and Banc of America argue that they "are entitled to dismissal because none of the causes of action set forth in Plaintiff's Amended Complaint are directed at Banc of America or PRLAP." (*Id.* at PageID 309.) Second, they argue that "Banc of America is further entitled to dismissal because it does not have the capacity to be sued." (*Id.* at PageID 310.) And third, even if Plaintiff has stated claims against Bank of America, N.A, as opposed to Banc of America, they argue that any such claims fail because Bank of America, N.A is not a party here or, in the alternative, because the TILA's one-year statute of limitation has expired.[5] (*Id.* at PageID 311.)

A. **PRLAP**

Plaintiff concedes that "no relief at all is sought from PRLAP and the Plaintiff does not contest its dismissal." (ECF No. 27 at PageID 422.) This concession thus relieves the Court from having to analyze the merits of Plaintiff's claim against PRLAP. The Court thus **GRANTS** the motion to dismiss as to PRLAP.

---

[5] PRLAP and Banc of America likely refer to the fact that Plaintiff has requested "[t]hat the Court enter judgment against Bank of America, N.A. . . . for violation of Regulation Z of the Truth-in-Lending Act." (ECF No. 1-2 at PageID 249.)

B.  **Banc of America**

1.  **Regulation Z of the TILA Claim**

Plaintiff also "consents to . . . dismissal as to the claim under the Truth-in-Lending Act and Regulation Z as to" PRLAP and Banc of America. (*Id.* at PageID 426–27.) He also recognizes that his "claim against Bank of America, N.A. . . . was a misnomer and plaintiff does not want to prosecute the claim against Bank of America and consents to dismissal of that claim." (*Id.* at PageID 426.) The Court thus **GRANTS** the motion to dismiss as to Plaintiff's claim against Banc of America under Regulation Z of the TILA. The Court also **GRANTS** the motion to dismiss as to any claim against Bank of America N.A.

2.  **State Law Claims**

Because Plaintiff has consented to the dismissal of his claim against PRLAP and his claim against Banc of America under Regulation Z of the TILA, the Court has one remaining claim to decide: Plaintiff's claim against Banc of America under Tennessee's declaratory judgment act. This finding is consistent with Plaintiff's assertion that "[t]he heart of the [this] action is his claim for declaratory judgment." (*Id.* at PageID 423.)

But, as the Court will explain below, this claim does not belong in federal court. *See Filing v. Phipps*, No. 5:07-cv-1712, 2008 WL 11380153, at *4 (N.D. Ohio Oct. 17, 2008) ("[T]he district court may determine sua sponte whether exercise of supplemental jurisdiction is prudent.") (citing *Grindstaff v. Green*, 133 F.3d 416, 429 (6th Cir. 1998); *Chance v. Mahoning County*, 105 Fed.Appx. 644, 650 (6th Cir. 2004); *Truitt v. County of Wayne*, 961 F. Supp. 181, 182 (E.D. Mich. 1997)). The Court thus **REMANDS** it back to state court.

Twenty-eight U.S.C. § 1367(a) governs supplemental jurisdiction in cases like the one here—where jurisdiction of a state law claim attaches only because of a federal question. The statute provides the following guidance:

> (a) Except as provided in subsections (b) or (c) or as expressly provided by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

That said, § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 Fed. App'x. 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

As decided above, all "federal claims have been dismissed." 28 U.S.C. § 1367(c)(3). The Court also finds that "the interests of judicial economy and the avoidance of multiplicity of litigation" do not outweigh concerns "over needlessly deciding state law issues." *Moon*, 465 F.3d at 728. After all, Banc of America will not need to litigate simultaneously in state and federal court because only one state law claim remains at issue.[6]

---

[6] Moreover, the Court doubts whether it can even decide a claim brought under Tennessee's declaratory judgment act. Under the statute, *"[c]ourts of record within their respective jurisdictions* have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." T.C.A. § 29-14-102 (emphasis

8

The Court exercises its discretion under § 1367(c)(3) to decline the exercise of supplemental jurisdiction over Plaintiff's claim against Banc of America under Tennessee's declaratory judgment act. The Court thus **DENIES** the motion to dismiss as to this claim and, instead, **REMANDS** it back to state court for further proceedings.

## II. Wells Fargo's Motion to Dismiss

Wells Fargo argues that the Court should dismiss Plaintiff's claims against it for three reasons. (*See* ECF No. 12.)

First, Wells Fargo argues that "Plaintiff's alleged lack of knowledge of any loans, debts, or encumbrances does not provide any basis for relief." (*Id.* at PageID 341.) Second, it argues that Plaintiff's allegation that "he did not receive actual written notice of the foreclosure sale in accordance with Tenn. Code Ann. § 35-5-101(e) . . . does not establish any basis for relief." (*Id.* at PageID 343.) And third, it argues that Plaintiff's TILA claim fails "because Regulation Z is inapplicable to this loan [and] Plaintiff's TILA claim is barred by the statute of limitations." (*Id.*)

### A. Regulation Z of the TILA Claim

To start with, much like for Banc of America, "Plaintiff consents to dismissal of his claims against Wells Fargo under the Truth-in-Lending Act and Regulation Z." (ECF No. 28 at PageID 442.) This concession thus relieves the Court, once against, from having to analyze the merits of Plaintiff's TILA claim against Wells Fargo. The Court thus **GRANTS** Wells Fargo's motion to dismiss as to Plaintiff's claim under Regulation Z of the TILA.

---

added). The Court has trouble finding that a federal court situated in Tennessee constitutes one of such "[c]ourts of record," particularly given that litigants in federal court can bring claims for declaratory judgment under the federal Declaratory Judgment Act, *see* 28 U.S.C. § 2201.

### B. State Law Claims

Because Plaintiff has consented to the dismissal of his claim under Regulation Z of the TILA against Wells Fargo, two state law claims remain: Plaintiff's claims under Tennessee's declaratory judgment act and Tenn. Code Ann. § 35-5-101(e). But the end result is the same as it is for Banc of America. These claims do not belong in federal court. So the Court **DENIES** Wells Fargo's motion to dismiss as to these claims and **REMANDS** them back to state court. *See Filing*, 2008 WL 11380153, at *4; 28 U.S.C. §§ 1367(a)-(c).

Plaintiff consented to dismissal of the Court's proverbial jurisdictional hook over Wells Fargo—that is, the claim under Regulation Z of the TILA. *See* 28 U.S.C. § 1367(c)(3). And "the interests of judicial economy and the avoidance of multiplicity of litigation" do not outweigh concerns "over needlessly deciding state law issues." *Moon*, 465 F.3d at 728. Like Banc of America, Wells Fargo will not need to litigate simultaneously in state and federal court because only state law claims remain at issue.

The Court thus exercises its discretion once again under § 1367(c)(3) to decline the exercise of supplemental jurisdiction over Plaintiff's claims against Wells Fargo. In this way, the Court **DENIES** the motion to dismiss as to these state law claims and, instead, **REMANDS** the case back to state court for further proceedings.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** PRLAP and Banc of America's motion to dismiss as to PRLAP. The Court also **GRANTS** the motion as to the claim against Banc of America under Regulation Z of the TILA.

But the Court **DENIES** the motion as to Plaintiff's claim against Banc of America under Tennessee's declaratory judgment act and, instead, **REMANDS** it back to state court for further proceedings.

Similarly, the Court **GRANTS** Wells Fargo's motion to dismiss as to Plaintiff's claim under Regulation Z of the TILA. But the Court **DENIES** Wells Fargo's motion to dismiss as to Plaintiff's state law claims under Tennessee's declaratory judgment act and Tenn. Code Ann. § 35-5-101(e) and, instead, **REMANDS** them back to state court for further proceedings.

**SO ORDERED**, this 2nd day of April, 2020.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE